# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

PATRICK COLLINS, INC.,

    Plaintiff,

v.

TROY BOLINGER, HAROLD CAMPFIELD, IKEME OSI-OGBU, VALERIE MCCORD, BLAIN STOUT, MICHAEL MANN, EMRAH OZKAYA, MELISSA HUANG SANTILLI, and MR. MER ALIALY

    Defendants.

Civil Action Case No. 1:12-cv-01136-SEB-MJD

### DEFENDANT'S FIRST ANSWER TO THE PLAINTIFF'S COMPLAINT

Defendant Melissa Huang Santilli identified by Plaintiff at internet protocol ("IP") address 98.226.139.68 at June 19th, 2012 at 23:34 UTC, hereby answer the Complaint of Plaintiff Patrick Collins, Inc. ("Plaintiff") as follows:

1. Defendant avers that Paragraph 1 of the Complaint makes conclusions that do not require a response.

2. Defendant denies allegations in Paragraph 2.

3. Defendant avers that Paragraph 3 of the Complaint makes conclusions that do not require a response.

4. Defendant denies allegations in Paragraph 4.

5. Defendant avers that Paragraph 5 of the Complaint makes conclusions that do not require a response.

6. Defendant avers that Paragraph 6 of the Complaint makes conclusions that do not require a response.

7. Defendant avers that Paragraph 7 of the Complaint makes conclusions that do not require a response.

8. Defendant avers that Paragraph 8 of the Complaint makes conclusions that do not require a response.

9. Defendant avers that Paragraph 9 of the Complaint makes conclusions that do not require a response.

10. Defendant avers that Paragraph 10 of the Complaint makes conclusions that do not require a response.

11. Defendant avers that Paragraph 11 of the Complaint makes conclusions that do not require a response.

12. Defendant avers that Paragraph 12 of the Complaint makes conclusions that do not require a response.

13. Defendant avers that Paragraph 13 of the Complaint makes conclusions that do not require a response.

14. Defendant agrees to the allegations in Paragraph 14, that the Defendant's residing location is 1408 Lake Meadow Drive, Indianapolis, IN 46217.

15. Defendant avers that Paragraph 15 of the Complaint makes conclusions that do not require a response.

16. Defendant denies allegations in Paragraph 16.

17. Defendant avers that Paragraph 17 of the Complaint makes conclusions that do not require a response.

18. Defendant avers that Paragraph 18 of the Complaint makes conclusions that do not require a response.
19. Defendant avers that Paragraph 19 of the Complaint makes conclusions that do not require a response.
20. Defendant avers that Paragraph 20 of the Complaint makes conclusions that do not require a response.
21. Defendant avers that Paragraph 21 of the Complaint makes conclusions that do not require a response.
22. Defendant denies allegations in Paragraph 22 and demands evidence from the Plaintiff.
23. Defendant avers that Paragraph 23 of the Complaint makes conclusions that do not require a response.
24. Defendant avers that Paragraph 24 of the Complaint makes conclusions that do not require a response.
25. Defendant avers that Paragraph 25 of the Complaint makes conclusions that do not require a response.
26. Defendant avers that Paragraph 26 of the Complaint makes conclusions that do not require a response.
27. Defendant avers that Paragraph 27 of the Complaint makes conclusions that do not require a response.
28. Defendant avers that Paragraph 28 of the Complaint makes conclusions that do not require a response.
29. Defendant avers that Paragraph 29 of the Complaint makes conclusions that do not require a response.

30. Defendant avers that Paragraph 30 of the Complaint makes conclusions that do not require a response.

31. Defendant avers that Paragraph 31 of the Complaint makes conclusions that do not require a response.

32. Defendant avers that Paragraph 32 of the Complaint makes conclusions that do not require a response.

33. Defendant avers that Paragraph 33 of the Complaint makes conclusions that do not require a response.

34. Defendant denies allegations in Paragraph 34.

35. Defendant avers that Paragraph 35 of the Complaint makes conclusions that do not require a response.

36. Defendant avers that Paragraph 36 of the Complaint makes conclusions that do not require a response.

37. Defendant avers that Paragraph 37 of the Complaint makes conclusions that do not require a response.

38. Defendant avers that Paragraph 38 of the Complaint makes conclusions that do not require a response.

39. Defendant denies allegations in Paragraph 39.

40. Defendant avers that Paragraph 40 of the Complaint makes conclusions that do not require a response.

41. Defendant denies allegations in Paragraph 41.

42. Defendant lacks sufficient knowledge as to the allegations in paragraph 42 of the complaint and demands Plaintiff to provide strict proof.

43. Defendant lacks sufficient knowledge as to the allegations in paragraph 43 of the complaint and demands Plaintiff to provide strict proof.
44. Defendant lacks sufficient knowledge as to the allegations in paragraph 44 of the complaint and demands Plaintiff to provide strict proof.
45. Defendant denies allegations in Paragraph 45. An IP address is not a person; rather it is a series of numbers assigned to a device, which can be accessed by multiple individuals over time. Furthermore, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another. The Defendant lives in a rental property therefore, the owner of the house, the lessor (rental management company), the company's assigned agent(s), all company employee(s) have access to the Defendant's house at any time even when the Defendant is not home. The company previously entered the Defendant's property on several occasions with and without prior notification. Neighbors of the Defendant have recently started recording evidence of these occurrences. In addition, unsecured wireless internet has been used in the past.
46. Defendant denies allegations in Paragraph 46 and has never heard of or seen the film in question as of this date.
47. Defendant lacks sufficient knowledge as to the allegations in paragraph 47.
48. Defendant lacks sufficient knowledge as to the allegations in paragraph 48.
49. Defendant lacks sufficient knowledge as to the allegations in paragraph 49.
50. Defendant lacks sufficient knowledge as to the allegations in paragraph 50.
51. Defendant lacks sufficient knowledge as to the allegations in paragraph 51.

52. Defendant avers that Paragraph 52 of the Complaint makes conclusions that do not require a response.

53. Defendant denies allegations in Paragraph 53.

54. Defendant denies allegations in Paragraph 54.

55. Defendant denies allegations in Paragraph 55.

56. Defendant denies allegations in Paragraph 56.

57. Defendant denies allegations in Paragraph 57 and demands evidence from the Plaintiff.

58. Defendant lacks sufficient knowledge as to the allegations in paragraph 58.

59. Defendant lacks sufficient knowledge as to the allegations in paragraph 59.

60. Defendant denies allegations in Paragraph 60.

61. Defendant denies allegations in Paragraph 61 and demands evidence from the Plaintiff.

62. Defendant denies allegations in Paragraph 62.

63. Defendant denies allegations in Paragraph 63.

64. Defendant denies allegations in Paragraph 64.

65. Defendant denies allegations in Paragraph 65 and demands evidence from the Plaintiff.

66. Defendant denies allegations in Paragraph 66.

67. Defendant denies allegations in Paragraph 67 and demands evidence from the Plaintiff.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. mail to the Clerk of the U.S. District Court – Indianapolis Division (Office 1) and to Paul J. Nicoletti of Nicoletti and Associates, Pllc at 36880 Woodward Ave, Suite 100, Bloomfield Hills, MI 48304 on the date specified below.

Signature/Date _____  12/3/12

Melissa Santilli
1408 Lake Meadow Drive
Indianapolis, IN 46217