IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

PATRICK COLLINS, INC.,

    Plaintiff,

v.                                           Civil Action No. 1:12-cv-01136-SEB-MJD

TROY BOLINGER, HAROLD CAMPFIELD,
IKEME OSI-OGBU, VALERIE MCCORD,
BLAIN STOUT, MICHAEL MANN, EMRAH
OZKAYA, MELISSA HUANG SANTILLI,
and MR. MER ALIALY,

    Defendants.

_____/

**DEFAULT JUDGMENT AND
PERMANENT INJUNCTION AGAINST HAROLD CAMPFIELD**

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment Against Harold Campfield ("Motion"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby

**FINDS**:

1. The address of Plaintiff is:

    8015 Deering Avenue
    Canoga Park, CA 91304

2. The name and address of Defendant is:

    Harold Campfield
    617 Elm Street
    Hope, IN 47246

1

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Amended Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 106, and contributory copyright infringement upon which relief may be granted against Defendant.

6. Defendant has failed to plead or otherwise defend against Plaintiff's Amended Complaint in this action.

7. Default was entered as to Defendant Harold Campfield on February 22, 2013.

8. Defendant is not a minor, incompetent person or in active military service.

9. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Amended Complaint.

10. Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

11. Under Count II of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing contributory copyright infringement.

12. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the copyrighted work listed on Exhibit A attached hereto (the "Work") through Defendant's use of the BitTorrent protocol to upload and download the Work between and among peer users without authorization from Plaintiff.

13. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Work.

14. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp.1183, 1196 (N.D. Tex. 1995).

15. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Default Judgment.

16. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $4,210.00 in attorneys' fees and costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant Harold Campfield:

(a) shall pay to Plaintiff the sum of $20,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $1,052.50 (which is one-fourth of $4,210.00) for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $21,052.50;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Work, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Work available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff.

(d) Be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant Harold Campfield has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant Harold Campfield's possession, custody, or control.

(e) The Court shall retain jurisdiction to the extent of its jurisdiction to entertain such further proceedings supplementary and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment.

IT IS SO ORDERED.

Date: 05/15/2013

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
36880 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
248-203-7800
Fax: 248-203-7801
Email: paul@nicoletti-associates.com

Harold Campfield
617 Elm Street
Hope, IN 47246