UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICK COLLINS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-cv-1136- SEB-MJD |
| vs. | ) | |
| | ) | |
| BLAIN STOUT and EMRAH OZKAYA, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PENDING MATTER**
**AND**
**ORDER TO SHOW CAUSE**

This case is now before the Court on the issue of whether Plaintiff's claims against Defendants Blain Stout and Emrah Ozkaya are still pending. Plaintiff contends that its claims against Stout and Ozkaya remain undecided. By contrast, Stout and Ozkaya assert that Plaintiff's claims against them have been fully and finally resolved and as "prevailing parties" they are entitled to an award of attorney's fees.

**A. Procedural History**

To understand the parties' disagreement, it is necessary to briefly review the procedural history of this case. This case, which accuses Stout and Ozkaya of copyright infringement, was filed on August 15, 2012. On May 14, 2013, Plaintiff's counsel filed a document titled "Stipulation for Dismissal of Plaintiff's Claims Against Defendants Blain Stout and Emrah Ozkaya With Prejudice" (hereafter, "Stipulation of Dismissal") at Docket No. 68. The Stipulation of Dismissal cited to Fed. R. Civ. P. 41(a)(1) and was electronically signed with the s/ signature of counsel for all parties who had appeared in the action and remained parties to the case on the date that the stipulation was filed,

including both Plaintiff's counsel and counsel for Stout and Ozkaya. The document recited that the parties stipulated to "dismissing Plaintiff's Amended Complaint against Stout and Ozkaya with prejudice," but it was silent on the issue of attorney's fees and costs.

Two days later, on May 16, 2013, Plaintiff filed a notice withdrawing the Stipulation of Dismissal. Plaintiff's notice stated in its entirety,

> PLEASE TAKE NOTICE, Plaintiff, Patrick Collins, Inc., hereby withdraws its Stipulation of Dismissal of Plaintiff's Claims Against Defendants Blain Stout and Emrah Ozkaya With Prejudice [CM/ECF 68] because it was filed in error.

[Notice of Withdrawal at Dkt. No. 74.][1]

Two weeks thereafter, on May 28, 2013, Stout and Ozkaya filed a Motion for Attorney's Fees at Docket No. 79. In their motion, they assert that because the Stipulation of Dismissal was "with prejudice," they qualify as "prevailing parties" and are entitled to an award of attorneys' fees under the Copyright Act. Notably, Stout and Ozkaya's motion made no mention of Plaintiff's prior notice withdrawing the Stipulation of Dismissal.

On June 13, 2013, Plaintiff filed another notice that stated,

> In light of the Clerk's withdrawal of the Stipulation of Dismissal for Defendants Blain Stout and Emrah Ozkaya [CM/ECF 68], Plaintiff considers the Defendants' Motion for Attorney's Fees [CM/ECF 79] to be moot. If the Court believes that Plaintiff is in error, please advise.

[Notice of Withdraw, Dkt. No. 87.]

On June 17, 2013, the Court responded, saying:

> Contrary to the representations made in [Plaintiff's Notice], the Clerk did not withdraw the Stipulation of Dismissal filed at Docket No. 68,

---

[1] Notably, this was not the first time that Plaintiff filed and then withdrew a Stipulation of Dismissal in this case. [Dkt. Nos. 46 and 47 (stipulation filed in wrong case).]

> Plaintiff's counsel voluntarily withdrew it. See Dkt. No. 74. Moreover, the Court will not "advise" Plaintiff's counsel as to what it "believes" with respect to a motion filed by Plaintiff's opponent. If Plaintiff's counsel wishes to file a response to the [Motion for Attorney's Fees] pending at Docket No. 79, he may do so within the time permitted under Local Rule 7-1.[2]

[Margin Entry at Dkt. No. 92.]

On June 18, 2013, Plaintiff filed its response to Stout and Ozkaya's Motion for Attorney's Fees arguing that because the Stipulation of Dismissal had been withdrawn, Plaintiff's claims against Stout and Ozkaya remained pending and accordingly there was, and is, no basis for the Court to award attorney's fees. [Memorandum in Opposition to Motion for Attorney's Fees at Dkt. No. 93.] On June 27, 2013, Stout and Ozkaya filed a reply arguing that because Plaintiff's response to their Motion for Attorney's Fees was untimely under Local Rule 7-1, the Court should disregard it. [Reply Brief at Dkt. No. 99.]

### B. Order to Show Cause

The parties appear to be "ships in the night" as to each other, filing documents and advancing arguments that fail to take into account the actions of the other. Most notably, they do not agree as to whether Plaintiff's claims against Stout and Ozkaya remain pending. Neither party has addressed the legal significance of Plaintiff's unilateral notice purporting to withdraw the Stipulation of Dismissal. Stout and Ozkaya, in moving for an award of attorney's fees, completely ignore Plaintiff's notice of withdrawal – as if it was never filed. Similarly, Plaintiff ignores the question of whether such a unilateral notice, signed only by its counsel, is effective to withdraw the Stipulation of Dismissal.

---

[2] By the date that the Court issued its margin entry, the time for Plaintiff's response under Local Rule 7-1 had already expired.

Generally speaking, "[a] stipulation is binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir. 1989). "A party to a stipulation is not entitled to withdraw from the agreement unilaterally and can only obtain such relief by court action." Sinicropi v. Milone, 915 F.2d 66, 69 (2nd Cir. 1990). Consequently, Plaintiff shall have through and including September 20, 2013, to show cause why the Court should not disregard its Notice of Withdraw filed at Docket No. 74 and proceed to rule on Stout and Ozkaya's Motion for Attorney's Fees. If Stout and Ozkaya wish to reply to Plaintiff's response to this Order to Show Cause, they shall have seven (7) days from the date on which Plaintiff files its response to do so.

IT IS SO ORDERED.

Date: 09/04/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Matthew R. Laydon
GAMBS MUCKER & BAUMAN
MattL@gmbslaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com