

John M. Bradshaw
jbradshaw@overhauser.com

May 7, 2013

Via email:   paul@nicoletti-associates.com, mariac@nicoletti-associates.com, pauljnicoletti@gmail.com

Paul J. Nicoletti
Law Office of Nicoletti & Associates
36880 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304

    Re:   Certain BitTorrent Cases in the Southern District of Indiana

Dear Mr. Nicoletti:

    I write to suggest that you dismiss the claims that have been asserted against the following Indiana Defendants:

| Defendant | Case No. |
|---|---|
| Emrah Ozkaya | Case No. 1:12-cv-01136-SEB-MJD |
| Blain Stout | Case No. 1:12-cv-01136-SEB-MJD |
| Bill Cox | Case No. 1:12-cv-01748-SEB-MJD |
| Derrick Lund | Case No. 1:12-cv-00844-TWP-MJD |
| Chris Minor | Case No. 1:12-cv-00845-TWP-MJD |
| Teresa Stephenson | Case No. 1:12-cv-00845-TWP-MJD |
| David Wyatt | Case No. 1:12-cv-01115-TWP-MJD |

    The reason we are suggesting dismissal is to avoid what will likely become a very messy and embarrassing set of proceedings should these cases proceed further.  Specifically, information has come to our attention suggesting a pattern of fraudulent Court filings being made in connection with these cases.  Specifically, I note the following:

1.) As you know, for the Neville Fernandes litigation (which you previously dismissed), you submitted a Declaration signed by Heather Roudebush alleging that "to the best of [her] knowledge" she served Neville Fernandes with a Summons and Complaint in this action. That is obviously untrue as we have produced credit card information and airline travel reservations confirming that Mr. Fernandes was in North Carolina on the date you allege that he was served.

2.) In the Lund case, you have obtained an Entry of Default against Mr. Lund. This default was based on an Affidavit from a process server alleging that Mr. Lund was

**OVERHAUSER LAW OFFICES, LLC**  
740 W. GREEN MEADOWS DRIVE, STE. 300  
GREENFIELD, IN 46140

TELEPHONE (317) 891-1500  
FAX (866) 283-8549  
TOLL FREE (877) 478-0496  
www.overhauser.com

EXHIBIT "A"

Paul J. Nicoletti
Law Office of Nicoletti & Associates
May 7, 2013
Page 2

    served at 356 Boylston Street, Apt. 5308, Carmel, IN 46032 on November 2, 2012. However, Mr. Lund did not even live at this address on that date. He used to live there, but moved to a new address in May, 2012. Enclosed is a Declaration attesting as to these facts and attaching key documents. These documents include a copy of his moving contract from last May, a copy of his Lease for his new residence, and a copy of the envelope in which the Entry of Default was mailed to him by the Court. As you can see, this envelope includes the Post Office's forwarding address sticker on the front.

    Moreover, upon receipt of the Notice of Default, Mr. Lund went to his old apartment to see who was living there. The current resident is a gentleman from Pakistan whose physical description is not anything similar to what was specified on the Affidavit of Service you submitted to the Court. Encountering two blatantly false Affidavits of service in the relatively few cases we have been asked to handle indicates that these are not isolated accidents but evidence of a persistent course of conduct.

3.) Also enclosed are two documents recently filed in Case No. 12-cv-1115-TWP-MJD. The first document is a printout of records from the Copyright Office purporting to show that the copyright registrations being asserted are owned by Malibu Media, LLC. For each of the works, Malibu Media, LLC is listed as being the owner as the "employer for hire." For example, the first work listed is for Carly Beautiful Blow Job and the date of creation is specified as being in 2010 with a date of publication of March 26, 2010. However, this information is obviously fraudulent. Also attached is a printout of the California Secretary of State for Malibu Media LLC. It shows that Malibu Media LLC was not even formed until February 8, 2011, nearly a year *after* the work was created. Thus, it would have been impossible for Malibu Media LLC to have been the "employer for hire" for the movies listed in these filings. Again, the court will likely conclude from this information that there has been an intentional campaign to mislead it.

    The consequence of this is that, to properly represent our clients, we need to bring these matters to the attention of the Court for its consideration. We may also need to bring other matters to the Court's attention, such as your history of filing frivolous suits, the sanctions you have incurred, and that you invoked your Fifth Amendment right against self incrimination in connection with an alleged mortgage fraud scheme. Indeed, if it turns out that you had no factual basis beyond a name on a cable bill at the time you filed your amended complaint naming the individual defendants, sanctions may be warranted in these cases as well.

Paul J. Nicoletti
Law Office of Nicoletti & Associates
May 7, 2013
Page 3

    Of course, we owe my highest duty of loyalty to the clients that we represent who are listed above. If you agree to dismiss all of the above clients from the cases filed against them by May 14, 2013, we will agree not to pursue attorneys' fees on their behalf.

    Finally, I note that, in the Neville Fernandes case, the Court recently concluded that Mr. Fernandes was not entitled to recover his attorney's fees because he was not a "prevailing party." However, that same outcome is unlikely for the other Defendants for whom an Answer has already been filed. This is because pursuant to F.R.C.P. 41, once a Defendant has answered, the Plaintiff no longer has the option of voluntarily dismissing the Defendant. Rather, the Plaintiff must file a formal Motion with the Court, and the Court must grant that Motion. As Magistrate Judge Dinsmore hinted in his opinion denying attorney's fees to Mr. Fernandes, that was the only impediment to Mr. Fernandes being awarding his attorney's fees.

    Again, we request that you file a Motion to Dismiss each of the above-listed Defendants. If such a Motion is filed by May 15, 2013, we will not oppose it and we will not seek attorney's fees. Otherwise, these very serious issues will be brought to the attention of the Court at the earliest opportunity.

    Please do not hesitate to give me a call if you have any questions or concerns regarding this matter.

                                        Best Regards,

                                        John M. Bradshaw

JMB/jm
cc:     Paul Overhauser
Enclosures:    Declaration of Derrick Lund
                  Copyright Office Registration Records
                  California Secretary of State for Malibu Media LLC