UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATRICK COLLINS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Case No. 1:12-cv-01136-SEB-MJD |
| ) | |
| TROY BOLINGER, HAROLD ) | |
| CAMPFIELD, IKEME OSI-OGBU, ) | |
| VALERIE MCCORD, BLAIN STOUT,) | |
| MICHAEL MANN, EMRAH ) | |
| OZKAYA, MELISSA HUANG ) | |
| SANTILLI, MR. MER ALIALY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT EMRAH OZKAYA'S AND BLAIN STOUT'S REPLY IN RESPONSE TO
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**I.   INTRODUCTION**

This Court should disregard Plaintiff's Notice of Withdrawal (Dkt. 74) because it is undisputed that the Stipulation of Dismissal was drafted by Plaintiff and included all of the terms that were agreed upon, namely that the case was to be dismissed and that the dismissal was to be with prejudice.  Moreover, allowing the drafting party to unilaterally withdraw a Joint Stipulation because it fails to include a provision the parties discussed but did not agree upon does not promote the interests of justice.

**II.   FACTS**

Plaintiff's counsel represents Plaintiff and a presumptively related entity Malibu Media LLC in numerous copyright infringement lawsuits in Indiana.  Defendants' counsel represents a small subset of the defendants in those actions.  In the course of its investigation, Defendants' counsel uncovered a number of unsettling issues, and on May 7, 2013 sent a letter to Plaintiff's counsel outlining these issues and requesting dismissal of all of its clients in exchange for an

1

agreement not to pursue attorney's fees. (Dkt. 107-1)  On May 10, 2014, Plaintiff's counsel countered by offering to dismiss its cases against Defendants Stout and Ozkaya and one other (Lund), without conditioning its counteroffer on any agreement not to pursue fees.  (Dkt. 107-3)  That same day, Defendants' counsel accepted Plaintiff's counteroffer upon the condition that the dismissals of Stout and Ozkaya be with prejudice.  (Exhibit 1)

Plaintiff's counsel drafted the Joint Stipulation of Dismissal that was eventually filed, and on May 14, 2013, he forwarded it to Defendants' counsel for approval.  (Exhibit 2)  Defendant's counsel gave his approval (Exhibit 3), Plaintiff's counsel filed it (Dkt. 68), and the Court acknowledged it (Dkt. 70).  Plaintiff now claims that because it had erroneously assumed that Defendants gave up their right to seek to recover their attorney's fees, it can unilaterally withdraw the Stipulation of Dismissal and reinstate its lawsuit against Defendants Stout and Ozkaya.  (Dkt. 107)

### III. ARGUMENT

#### A. Disagreement Over An Issue Not Addressed In The Stipulation Plaintiff Drafted Does Not Justify Undoing It

Plaintiff does not dispute that the Stipulation of Dismissal reflects the terms the parties agreed to, namely that Defendants Stout and Ozkaya were to be dismissed and that their dismissal was to be with prejudice.  Plaintiff asserts inadvertence due to the failure of the Stipulation to address the issue of whether either party was giving up its right to seek attorney's fees.  However, since Plaintiff was the drafter of the document, it could have readily included the conventional clause "with each side to bear its own attorney's fees and costs," had there been agreement on that issue, for example as Plaintiff's counsel had done previously. (Exhibit 4)  That the Stipulation is silent on the issue of fees is merely an indication of the parties' lack of agreement on the issue and is not an indication of inadvertence.

B.    There is No Windfall When the Parties Had Discussed The Issue But Failed to Reach Agreement

Plaintiff also argues that failure to allow withdrawal of the stipulation would somehow result in a "windfall" to Defendants and/or Defendants' Counsel.  However, unlike in Park v. Transamerica Ins. Co., 917 F. Supp 731, 736 (D. Haw. 1966), the parties here expressly discussed the issue of attorney's fees but simply failed to reach agreement.  (See Dkt. 107-1)  Accordingly, Defendants retention of their right to seek their attorney's fees represents the status quo, not a windfall.  Denial of Defendants their right to seek their fees would potentially be a windfall to Plaintiff/Plaintiff's counsel.

C.    Withdrawal of The Stipulation Would Be A Manifest Injustice

Plaintiff's suggests that withdrawal of the Stipulation would not result in any prejudice to Defendants because if they eventually prevail, they may renew their motion for attorney's fees. However, Defendants have already prevailed, as the claims against them have been dismissed with prejudice.  (Dkt. 70)  "That this came about when [Plaintiff] threw in the towel does not make [Defendants] less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor.  [Plaintiff] sued; [Defendants] won; no more is required."  *Riviera Distributors, Inc. v. Jones*, 517 F.3d at 926, 928 (7th Cir. 2008)  Resubjecting Defendants to Plaintiff's claims would be the epitome of prejudice.

D.    Plaintiff Does Not Deserve Another Chance To Oppose The Attorney's Fees Motion

Defendants have already filed their Motion for Attorney's Fees (Dkt. 79), Plaintiff has filed its opposition (Dkt. 86), and Defendants have filed their reply (Dkt. 99).  Accordingly, the issue is now fully briefed.  Plaintiff's mistaken belief about the effectiveness of its unilateral withdrawal of a joint stipulation does not justify reopening the briefing of that motion.  Plaintiff filed its Notice of Withdrawal (Dkt. 74) before Defendants filed their Motion for Attorney's Fees

(Dkt. 79). Accordingly, there have been no subsequent developments that could not have been addressed by Plaintiff in its Opposition. Nonetheless, if the Court does decide to reopen the briefing, Defendants request the opportunity to increase their fee request to account for the subsequent work that has occurred.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request the Court disregard Plaintiff's Notice of Withdraw filed at Docket No. 74 and proceed to rule on Stout and Ozkaya's Motion for Attorney Fees.

Respectfully submitted,

By: s/John M. Bradshaw/
John M. Bradshaw, #21556-49
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
*Attorneys for Defendants Stout and Ozkaya*

EXHIBITS

| | |
|---|---|
| 1 | **Defendants' May 10 email accepting Plaintiff's counteroffer** |
| 2 | **Plaintiff's May 14 email transmitting Stipulation for approval** |
| 3 | **Defendants' May 14 email approving Stipulation** |
| 4 | **Prior stipulation signed by Plaintiff's counsel** |
| 5 | |
| 6 | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               By:    s/John M. Bradshaw
                                                           John M. Bradshaw