UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| PATRICK COLLINS, INC., | ) |
| Plaintiff, | ) Civil Case No. 1:12-cv-01136-SEB-MJD |
| v. | ) |
| TROY BOLINGER, HAROLD CAMPFIELD, IKEME OSI-OGBU, VALERIE MCCORD, BLAIN STOUT, MICHAEL MANN, EMRAH OZKAYA, MELISSA HUANG SANTILLI, and MR. MER ALIALY, | ) ) ) ) ) |
| Defendants. | ) ) |

> In light of the dismissal of Defendant Santilli [Dkt. 104], Plaintiff's motion [Dkt. 89] is DENIED AS MOOT.
> Dated: October 28, 2013
>
> _____
> Mark J. Dinsmore
> United States Magistrate Judge
> Southern District of Indiana

**PLAINTIFF'S MOTION TO STRIKE A PORTION OF DEFENDANT MELISSA SANTILLI'S MOTION TO REQUIRE PLAINTIFF TO POST BOND [CM/ECF 82]**

Plaintiff, Patrick Collins, Inc. ("Plaintiff") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for the entry of an order striking the "Background of the Suit" section and Exhibits 4, 12 and 13 in Defendant Melissa Santilli's ("Defendant") Motion to Require Plaintiff to Post Bond, and files this memorandum in support:

### I. INTRODUCTION

Defendant's Motion to Require Plaintiff to Post Bond [CM/ECF 82] is filed in bad faith in an attempt to inflame the court. Indeed, prior to filing the Motion, adverse counsel made repetitive threats to undersigned in an attempt to bully undersigned into dismissing his clients. Accordingly, Plaintiff filed an Emergency Motion to Set a Telephonic Status Conference on May 16, 2013 [CM/ECF 75]. Refusing to listen to and accept actual facts despite numerous proffers from Plaintiff, Defendant has filed a Motion replete with irrelevant and scandalous accusations and falsehoods in an attempt to distract and mislead the Court. Defendant's pervasive references to wholly unrelated entities, individuals, and cases is solely intended to bilk the Court into ruling

1

in her favor based upon antipathy toward Plaintiff and undersigned. This Court should reject such efforts. For the foregoing reasons, as explained more fully below, this Court should grant Plaintiff's Motion to Strike.

## II. LEGAL STANDARD

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (holding that the district court properly struck allegations that were "devoid of factual basis"). Further, "the word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Johnson v. Cnty. of Macomb*, 2008 WL 2064968 at *1 (E.D. Mich. 2008). Further, "[a]ccording to the case law, 'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure § 1382* (3d ed.). Motions to strike are properly granted where, "the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration." *Geschke v. Air Force Ass'n*, 2002 WL 31253746 (N.D. Ill. 2002) (striking portions of complaint as immaterial and irrelevant).

## III. DEFENDANT'S "BACKGROUND OF THE SUIT" SECTION AND EXHIBITS 4, 12 AND 13 ARE IMMATERIAL, IMPERTINENT, AND SCANDALOUS AND SHOULD BE STRICKEN

Defendant's Motion contains the exact type of immaterial, impertinent, and scandalous content that Rule 12(f) is intended to dispose of. Defendant's "Background of the Suit," starting on page 8 and continuing to page 11 is not at all a procedural history of the case. In fact, it

contains no background to this lawsuit whatsoever. Instead, Defendant has dedicated nearly one-fifth of her Motion to attempting to cast Plaintiff and its counsel in a disparaging light by attempting to associate Plaintiff with entirely unrelated persons and entities. For example, on page 8 Defendant wrongly asserts that "BitTorrent attorneys in various regions *work closely with each other*. For example, in one Patrick Collins case, the Steele Hansmeier Firm provided an *amicus brief*." *Motion*, p. 8 (emphasis added). Plaintiff has no connection whatsoever to any of the attorneys or entities who were recently sanctioned by Judge Wright in California, and any attempt to claim or infer otherwise is blatantly false. Additionally, filing an *amicus brief* does not establish that the filer and the involved parties "work closely with each other" or even that there is any connection at all. This erroneous conclusion, is an attempt to impart the fiction that Plaintiff is involved with some fraudulent scheme perpetrated by persons and entities involved with unrelated BitTorrent copyright infringement litigation. Including this type of false information and erroneous argument in Defendant's motion, is scandalous and prejudicial to Plaintiff.

Defendant's references to attorney M. Keith Lipscomb from Florida on page 9 are also immaterial, impertinent, and prejudicial and should be stricken. Such references are yet another attempt to introduce irrelevant information into this case in order to cast doubt on the veracity of Plaintiff's lawsuits and motivation for bringing suit. Specifically, Defendant makes the foundationless assertion that "[m]any BitTorrent claims are initiated not by the copyright owner, but by the opportunistic attorney in the Lipscomb/Nicoletti enterprise." *Defendant's Motion*, p. 9. Undersigned counsel is the attorney in charge of this case and all cases filed by Plaintiff in this District. Mr. Lipscomb's only role in the lawsuits brought by Patrick Collins, Inc. is to coordinate and monitor. Doing so is contrary to neither bar rules nor law.

Regarding the quoted section of one of Mr. Lipscomb's e-mails on Defendant's page 9, Mr. Lipscomb informed undersigned that this language was an isolated incident of "hardball" litigation tactics spurred by an adverse counsel's obstinate and persistent unethical conduct. Should the Court deem it necessary to delve deeper into this two year old immaterial and impertinent matter, undersigned would be glad to provide all information relevant to the facts and circumstances surrounding the subject e-mail communication.[1]  However, neither references to Mr. Lipscomb nor his e-mail to an adverse counsel in an unrelated Florida state court case have any bearing on the issues here.  Accordingly, such references should be stricken.

Defendant further attempts to inflame the court on page 10 by attacking undersigned personally and appending to the Motion Defendant's "Exhibit 13" which contains nineteen (19) pages of documents entirely unrelated to the instant litigation and intended solely to embarrass undersigned and embitter the Court.[2]  Defendant is attempting to improperly persuade the Court to rule in her favor without examining the merits of Defendant's Motion and instead, rule based upon unwarranted distaste for Plaintiff and its counsel.  There is simply no other reason why Defendant's Motion contains a total of two-hundred (200) pages of exhibits, only three of which have any relevance to the facts or issues at hand in this particular case and Defendant's Motion. *See Defendant's Exhibits 3, 7, and 8.*  The appended immaterial and impertinent exhibits are prejudicial to Plaintiff and are intended to harass.

---

[1] In short, in that case, an adverse counsel had intentionally interfered with Mr. Lipscomb's plaintiff's rights by appearing on behalf of 317 copyright infringers with whom adverse counsel did not have a direct relationship.  By taking this action, adverse counsel effectively blocked Mr. Lipscomb's ability to bring suit for copyright infringement on behalf of his client.  Adverse counsel's behavior in falsely claiming to represent defendants was an unethical violation of relevant state law and bar rules.  Mr. Lipscomb eventually filed a motion for sanctions against adverse counsel under Fla. Stat. § 57.105, resulting in remedial measures by adverse counsel.  In light of the turbulent and contentious proceedings in that case, Defendant's presentation of a highlighted section of a single e-mail taken out of context is misleading and prejudicial.

[2] Undersigned notes that a majority of these cases are between 10-16 years old.

Undersigned notes that a number of judges have expressly recognized that neither undersigned nor Plaintiff has engaged in any improper action related to BitTorrent copyright infringement cases. *See e.g. Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917 at *8 (E.D. Mich. 2012) (adopting the reasoning of *Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) which found that "none of the instances of improper litigation tactics that have been brought to our attention involve . . . plaintiff's counsel. We are reluctant to prevent plaintiff from proceeding with its case based only on a "guilt-by-association" rationale."); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH [CM/ECF 61] at p. 15 (E.D. Mich. May 16, 2013) ("The undersigned is not, however convinced that there is any evidence of inappropriate litigation practices by plaintiff *in this case* warranting severance."); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. Mar. 7, 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *5 (C.D. Ill. 2012) ("Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.").

The only issues that are relevant to this case are those that are directly related to the facts of this case.  Defendant's apparent attempts to level the "playing field" or the "scales of justice" for unknown defendants district-wide and even nationwide through this lawsuit are improper. "While [Defendant] appears to seek, once and for all, a judgment that will stem the rising tide of litigation from Malibu Media and similarly-situated plaintiffs, this lawsuit does not provide a vehicle for doing so.  Rather, the instant case is concerned with adjudicating the rights of <u>these</u> particular parties." *Malibu Media, LLC v. Doe 1*, 8:12-cv-01198-DKC, [CM/ECF 31] at p. 10 (D. Md. Dec. 21, 2012) (dismissing defendant's counterclaim for a declaration of

noninfringment.)

### III. **CONCLUSION**

For the foregoing reasons, Defendant's "Background of the Suit" and Exhibits 4, 12, and 13 in her Motion to Require Plaintiff to Post Bond should be stricken.

**WHEREFORE,** Plaintiff, Patrick Collins, Inc. respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike Defendant's "Background of the Suit" section at pages 8-11 and Exhibits 4, 12 and 13;

(B) Striking Defendant's "Background of the Suit" section and Exhibits 4, 12 and 13; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  June 14, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                By:     /s/ *Paul J. Nicoletti*