UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-01136-SEB-MJD |
| ) | |
| BLAIN STOUT, ) | |
| EMRAH OZKAYA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY ON PLAINTIFF'S MOTION TO WITDRAW STIPULATED DISMISSAL [DKT. 108] AND DEFENDANTS STOUT AND OZKAYA'S MOTION FOR ATTORNEY'S FEES [DKT. 79]**

This matter is before the Court on Plaintiff Patrick Collins' Motion to Withdraw Stipulated Dismissal and Reinstate the Case Against Defendants Blain Stout and Emrah Ozkaya ("Motion to Withdraw Stipulated Dismissal") [Dkt. 108] and Defendants Stout and Ozkaya's Motion for Attorney's Fees [Dkt. 79]. The Court also issued an Order to Show Cause [Dkt. 105] as to why Plaintiff's Notice of Withdrawal of the Stipulated Dismissal ("Notice of Withdrawal")[Dkt. 74] should not be disregarded. The Court, being duly advised, rules as follows:

## I.   Procedural History

Plaintiff filed this action against Blain Stout and Emrah Ozkaya on August 15, 2012 alleging claims of copyright infringement. On May 14, 2013, Plaintiff filed a stipulation of dismissal with prejudice as to the claims against Stout and Ozkaya. [Dkt. 68.] The stipulation of

dismissal was signed by Paul Nicoletti, counsel for Plaintiff, and Paul Overhauser, counsel for Stout and Ozkaya, but was silent as to the issue of attorney's fees. [*Id*.]

Two days later, on May 16, 2013, Plaintiff filed a notice withdrawing the stipulation of dismissal. [Dkt. 74.] The notice consisting of one paragraph simply stated:

> PLEASE TAKE NOTICE, Plaintiff, Patrick Collins, Inc., hereby withdraws its Stipulation of Dismissal of Plaintiff's Claims Against Defendants Blain Stout and Emrah Ozkaya With Prejudice [CM/ECF 68] because it was filed in error.

[*Id*.]

Two weeks thereafter, on May 28, 2013, Stout and Ozkaya filed a Motion for Attorney's Fees [Dkt. 79], making no mention of the notice withdrawing the stipulation of dismissal. This Court then issued an Entry on Pending Matter and Order to Show Cause [Dkt. 105] on September 4, 2013 addressing the legal status of Stout and Ozkaya and requiring Plaintiff to show cause as to why its notice of withdrawal of the stipulation of dismissal should not be disregarded.

Plaintiff filed a response to the Order to Show Cause on September 20, 2013. [Dkt. 107.] That same day, Plaintiff also filed a Motion to Withdraw Stipulated Dismissal. [Dkt. 108.] The Court now rules on the pending matters.

## II.     Legal Standard

A plaintiff may voluntarily dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). The dismissal is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(1)(B). A voluntary dismissal with prejudice serves as an adjudication on the merits and thus is a final judgment. *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009); *see*

*Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) (a second voluntary dismissal, which is a dismissal with prejudice, operates as an adjudication on the merits and is a final judgment); 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.34(c) (3d ed. 2013). A voluntary dismissal is self-executing; no further order from the court is needed. *Edwards-Brown v. Crete Monee 201-U Sch. Dist.*, 491 Fed. Appx. 744, 745 (7th Cir. 2012); *Meineke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995); *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011); Moore et al, supra, ¶ 41.34 (6)(a). Once a plaintiff files the voluntary dismissal, "the case is closed and the plaintiff may not unilaterally withdraw or amend the [dismissal]." Moore et al, supra, ¶ 41.33.

However, a party may move to vacate the dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. *Schmier*, 569 F.3d at 1243. A motion for relief from a final judgment must be made within a reasonable time and no more than a year after judgment was entered in certain circumstances. Fed. R. Civ. P. 60(c). Although the court has discretion in granting relief, relief from a final judgment is an extraordinary measure and may only be granted in the exceptional circumstances enumerated in Rule 60(b). *Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009); *Nelson*, 657 F.3d at 589; *Schmier*, 569 F.3d at 1243.

### III.   Discussion

#### A.   Notice of Withdrawal

In response to the Court's Order to Show Cause, Plaintiff argues that his Notice of Withdrawal should not be disregarded, but given full effect because the stipulation of dismissal was filed inadvertently and Plaintiff's counsel had an erroneous view of the facts. These reasons, however, do not explain why Plaintiff is entitled to unilaterally withdraw a dismissal. Plaintiff does not cite to any cases where a party was permitted to withdraw a dismissal simply by filing a

3

notice. Plaintiff argues it would be a manifest injustice to disregard the notice. As explained in sections B and C, *infra*, no prejudice or injustice will be incurred by disregarding the notice. However, there will be a serious miscarriage of justice if this Court set a dangerous precedent to allow a party to unilaterally withdraw a stipulated dismissal without so much as filing a motion. As Plaintiff's notice fails to comply with Rule 60(b), the Court accordingly disregards Plaintiff's Notice of Withdrawal of the Stipulated Dismissal [Dkt. 74.]

### B. Motion to Withdraw Stipulation of Dismissal

Plaintiff has alternatively filed a Motion to Withdraw Stipulated Dismissal [Dkt. 108]. The Court will treat this motion as a motion to vacate the voluntary dismissal under Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> 1) mistake, inadvertence, surprise, or excusable neglect;
> 2) newly discovered evidence [sic];
> 3) fraud [sic], misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void;
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff argues that the stipulated dismissal was the result of mistake. Mr. Nicoletti asserts that he mistakenly believed that, based upon email correspondence with Mr. Overhauser, Plaintiff would dismiss with prejudice Stout and Ozkaya (along with other defendants represented by Overhauser in other matters), each bearing their own costs. However, since Overhauser demonstrated an intent to pursue attorney's fees, Mr. Nicoletti now realizes that there was no agreement as to the issue of attorney's fees.

The fact that the parties had not reached an agreement on the issue of attorney's fees is irrelevant. As the Court explains in section C, *infra*, a voluntary dismissal with or without prejudice does not render a defendant a prevailing party for purposes of obtaining attorney's fees. Plaintiff's allegedly "mistaken belief" is non-existent and thus immaterial, because there is no entitlement to fees in the present circumstance; accordingly, Plaintiff's Motion to Withdraw Stipulated Dismissal [Dkt. 108] is **DENIED**.

### C.     Attorney's Fees

Since Defendants Stout and Ozkaya have been effectively dismissed with prejudice, the Court now must determine whether they are entitled to attorney's fees. 17 U.S.C. § 505 states that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court has determined that to be a "prevailing party," one must have been awarded some relief by a court. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't. of Health and Human Res. et al.*, 532 U.S. 598 (2001). That Court also provided that judgments on the merits and court-ordered consent decrees are things that "create a material alteration of the parties' legal relationship and thus permit an award." *Id.* at 603-04. The Supreme Court rejected the "catalyst theory" which allows an award where there is no "*judicially sanctioned* change in the parties' legal relationship." *Id.* at 605 (emphasis added). The Seventh Circuit has since adopted this rejection of the catalyst theory. *Walker v. Calumet City, Ill.*, 565 F.3d 1031, 1033 (7th Cir. 2009); *Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 603 (7th Cir. 2008); *Southworth v. Bd. of Regents of University of Wisconsin System*, 376 F.3d 757, 771 (7th Cir. 2004). In fact, the Seventh Circuit has held that, to be a prevailing party, the material alteration must arise from a court order. *Walker*, 565 F.3d at 1033; *Southworth*, 376 F.3d at 771.

Here, the Court took no action regarding the dismissal except as to acknowledge it. [Dkt. 70.] However, such acknowledgment was not necessary as the stipulation of dismissal was self-effectuating on the day of filing. Therefore, there was no judicially sanctioned change in the parties' legal relationship. Accordingly, Stout and Ozkaya's Motion for Attorney's Fees [Dkt. 79] is **DENIED**.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Notice of Withdrawal of the Stipulated Dismissal [Dkt. 74] is **DISREGARDED**, Plaintiff's Motion to Withdraw Stipulated Dismissal [Dkt. 108] is **DENIED**, and Defendants Stout and Ozkaya's Motion for Attorney's Fees [Dkt. 79] is **DENIED**.

IT IS SO ORDERED.

Date: 03/28/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew R. Laydon
GAMBS MUCKER & BAUMAN
MattL@gmbslaw.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com